UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| APPALACHIAN REGIONAL HEALTHCARE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 12-026-DCR |
| V. | ) ) ) | |
| KENTUCKY SPIRIT HEALTH PLAN, INC., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Plaintiffs Appalachian Regional Healthcare, Inc. and ARH Mary Breckenridge Health Services, Inc.'s (collectively, "ARH") motion for an award of costs and attorneys' fees incurred as result of the defendants' removal of this action and this Court's subsequent remand. [Record No. 26] For the reasons explained below, the motion will be denied.

**I.**

On May 4, 2012, the defendants removed this case from Franklin County Circuit Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. [Record No. 1, p. 1] The plaintiffs' Complaint contained seven counts which alleged violations of certain Prompt Pay statutes, breach of contract, bad faith, unjust enrichment, and violation of Kentucky's Medicaid rate statute. [Record No. 1-2, pp. 3-23] Following removal, the plaintiffs moved to remand the case in accordance with 28 U.S.C. § 1447(c). [Record No. 18] In support, they asserted that, because

-1-

diversity of citizenship was not present, and because the plaintiffs asserted only state law causes of action, jurisdiction was lacking. [*Id.*] Specifically, the plaintiffs averred that the action was filed for underpayment and nonpayment of Medicaid claims pursuant to violations of "state Medicaid statutes and state contract law," and did not involve any substantial federal issues. [Record No. 18-1, p. 2]

The defendants contended that federal question jurisdiction was appropriate under 28 U.S.C. §§ 1331 and 1441 "based on the direct claims on the face of the Complaint that Kentucky Spirit has violated various federal statutes and/or regulations, including federal laws requiring prompt payment and establishment of an adequate provider network." [Record No. 1, p. 6] Additionally, they argued that the plaintiffs' claims "directly raise[d] issues [of] federal Medicaid law, which determines how the Cabinet may arrive at capitated payments and contract with Managed Care Organizations, including Kentucky Spirit, to provide Medicaid services in Kentucky, how access to such services must be provided throughout the state, [and] how prompt payment for such services must be made, and other issues related to this case." [*Id.*, p. 7 (citing 42 U.S.C. § 1396 *et seq.*)] After close scrutiny, however, the Court rejected the defendants' arguments and remanded the case back to the Franklin Circuit Court. [Record No. 25]

On February 12, 2013, the plaintiffs filed the current motion, seeking fees totaling $27,843.60. [Record No. 26, p. 1] They argue that an award of fees is proper given that the defendants' removal of this action was not "objectively reasonable." [*Id.*] Having reviewed the motion, the Court concludes that a response is not needed.

## II.

Once a court determines that it lacks subject matter jurisdiction, remand is required. 28 U.S.C. § 1447(c). Further, Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) ("District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)."); *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005).

In determining whether fees should be awarded in a given case, the Supreme Court has explained that

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). "The objective reasonableness standard, however, does not require a showing that the defendant's position was frivolous or without foundation." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 2013 U.S. App. LEXIS 1533, at *9 (6th Cir. Jan. 22, 2013) (internal quotation marks omitted) (noting that among other factors, "objective reasonableness may depend on the clarity of the law at the time the notice of removal was filed"). Further, "an award of costs, including attorney fees, is

inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Bartholomew*, 409 F.3d at 687 (quoting *Ahearn v. Charter Twp. of Bloomfield*, No. 97-1187, 1998 U.S. App. LEXIS 13445 at *3 (6th Cir. June 18, 1998)) (emphasis in original).

### III.

The plaintiffs contend that the defendants' "principal . . . ground for removal was their strenuous, but misguided, assertion that ARH stated federal causes of action for violations of federal Prompt Pay and network adequacy laws" and the only support for the defendants' position was references to federal laws in the background section of the Complaint. [Record No. 26-1, p. 3] They argue that "if there was any remaining doubt about the nature of ARH's claims, the absence of 42 U.S.C. § 1983 should have dispelled it" and the absence of a claim under Section 1983 should have been compelling proof that this case was removed unreasonably. [*Id.*, p. 4 (citing *Warthman*, 549 F.3d at 1063)] The plaintiffs contend that this case is "striking[ly] similar[]" to *Warthman v. Genoa Twp. Bd. of Trs.,* 549 F.3d 1055 (6th Cir. 2008). However, reliance on this case is misplaced and the similarities between the two are overstated.

In *Warthman*, the Sixth Circuit reviewed the district court's decision to remand the case to state court and deny the plaintiff an award of costs and attorneys' fees. It held that district court's decision to remand the case was proper, but that the district court abused its discretion in denying the plaintiff an award of attorneys' fees. *Id.* at 1064 (holding that the district court applied the incorrect legal standard, and that upon remand for reconsideration, the district court could consider whether any unusual circumstances warranted a denial of costs and fees). The

-4-

*Warthman* Court noted that the only reference to federal law in the Complaint was to the Due Process Clause of the Fourteenth Amendment and the only reason for this reference was for the sole purpose of satisfying the Ohio Supreme Court's interpretation of the Ohio statute that acted as the basis of the plaintiff's complaint. *Id.*, at 1058-59. The Sixth Circuit found that the district court's one sentence analysis that "[b]ecause removal of the action was based upon plaintiff's reference in the Complaint to federal law, the Court concludes that an award of fees or costs to plaintiff would be unjust and is unwarranted" was insufficient to support a denial of plaintiff's request for costs and fees .

The plaintiffs argue that this case is similar to *Warthman* because: (1) removal in both cases was premised on references to federal law in the complaints' background sections; (2) while federal law provided alternatives theories of relief, the causes of action were actually based on state law claims; and (3) neither complaint referenced a private right of action under Section 1983. [Record No. 26-1, p. 4] This analysis, however, is oversimplified.

As discussed in the Court's January 17, 2013 Memorandum Opinion and Order, the extent to which federal statutes were referenced and implicated in this matter was far more extensive than a passing reference to the Fourteenth Amendment Due Process Clause like that in *Warthman*. Additionally, ARH's alleged claims are based in the context of Medicaid law and, as previously noted by this Court, Medicaid is a collaborative federal-state program and is the hallmark of "cooperative Federalism." [Record No. 26-1, pp. 2, 24] To that end, this Court found that there existed both state and federal statutes which could potentially provide a basis for the claims the plaintiffs raised in their Complaint.

Further, resolution of the plaintiff's motion to remand was "centered on whether ARH's claims necessarily raise[d] a substantial question of federal law." [Record No. 25, p. 15] While the Complaint cited to and incorporated by reference a number of federal Medicaid statutes in specific counts, this Court ultimately found that ARH's citation to federal law in the background section of their Complaint appeared to be an attempt to more fully-explain the organization of Kentucky's Medicaid system, as opposed to making allegations which would confer federal jurisdiction over their claims. [Record No. 25, p. 18] Kentucky Spirit argued that the "crux" of this case rested on "whether . . . Kentucky Spirit [] complied with prompt pay statutes and at what rate ARH should be paid for the provisions of out of network services and emergency services, all of which are set forth in federal law." [Record No. 23, p. 9] However, this Court found that the more stringent state regulations and state medicaid laws acted as the basis of ARH's claims and that "to the extent federal Medicaid laws [were] implicated in the statutory framework in which Kentucky's Medicaid program operates, this is insufficient to trigger the 'arising under' door of federal questions jurisdiction." [Record No. 25, p. 20] In short, this Court held that "to the extent that federal law is implicated by ARH's claims, it is not substantial to the resolution of those claims." [*Id.*]

While federal law provided an alternative theory under which ARH could potentially seek redress, the Court does not conclude that the defendants had no "objectively reasonable" basis for the belief that removal of this action was appropriate. Stated differently, the defendants' attempt to remove the action was "fairly supportable."

The plaintiffs also argue that Kentucky Spirit "had actual notice that the Complaint stated no federal cause of action." [Record No. 26-1, p. 4] In support, they attach correspondence between counsel as exhibits to the motion for costs and fees. By letter dated July 2, 2012, plaintiffs' counsel asserts that this case can be distinguished from "the action filed by ARH against Coventry in federal court"[1] and that the "claims ARH has brought against Kentucky Spirit are state law claims." [Record No. 26-2, p. 2] Counsel also notes that, much like the case of *PremierTox, Inc. v. Kentucky Spirit Health Plan, Inc.*, No. 1: 12CV-00010-JHM, 2012 U.S. Dist. LEXIS 74672 (W.D. Ky. May 30, 2012), where the district court found that Kentucky Spirit's arguments that *PremierTox's* Medicaid reimbursement claims involved substantial federal question to be without merit, he believes this Court would rule the same way and remand this case to state court.

ARH's reliance on *PremierTox, Inc.* is also misplaced. The complaint in *PremierTox, Inc.* does not reference any federal statutes or laws and only alleges one count of non-payment of appropriate Medicaid fees for services rendered pursuant to KRS § 304.17A-702, whereas the Complaint in this case cited to and implicated a number of federal statutes and regulations. [Record No. 22, pp. 14-15] While plaintiff's counsel correctly predicted this Court's ultimate ruling, *PremierTox, Inc.* did not mandate the result. Additionally, given the vast differences of the *PremierTox, Inc.* complaint and the plaintiffs' Complaint in this case, Kentucky Spirit was

---

1   While counsel did not give the full citation to the case to which he was referring, based on prior filings, the Court assumes the reference to be to *Appalachian Regional Healthcare, Inc., et al. v. Coventry Health and Life Insurance Company*, No. 5: 12-CV-114-KSF (E.D. Ky. Apr. 26, 2012). The *Coventry* Complaint and ARH's Complaint in this case have a number of striking similarities. However, the *Coventry* Complaint specifically invoked federal question jurisdiction as well as diversity of citizenship as grounds for federal jurisdiction. [5: 12-CV-114-KSF Record No. 1, p. 3 ¶ 5; Record No. 5, pp. 3-4 ¶ 5]

not without an objectively reasonable basis in believing that the two cases were distinguishable and that the Court would potentially find that removal was appropriate.

Finally, to the extent that the plaintiffs argue that the letter is proof that it only planned to assert state law causes of action, it would seem that plaintiffs' counsel is only restating his arguments against removal in the attached correspondence. The Court does not find that "by declining to remand after the error was brought to their attention, Kentucky Spirit and the Cabinet unnecessarily invoked removal jurisdiction in an attempt to delay proceeding in state court on the merits," as the plaintiffs asserts. [Record No. 26-2] The Court is unwilling to require the defendants to take the plaintiffs at their word that only state law causes of action are being pursued based upon a letter in which the plaintiffs seem to be simply restating their arguments against removal and in the context of distinguishing a case, and where the defendants had a reasonably objective basis to believe removal was appropriate based on the text of the Complaint.

### IV.

Although removal was improper, the Court is does not conclude that the defendants' basis for removing this action was wholly and objectively unreasonable. Accordingly, being sufficiently advised, it is hereby

**ORDERED** that the plaintiffs' motion for attorneys' fees [Record No. 26] is **DENIED**.

This 5th day of March, 2013



Signed By:
*Danny C. Reeves* DCR
United States District Judge